UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH RUTHER,　　　　　　　　　　　　**No. 6:12-CR-06009 (MAT)**
　　　　　　　　　　　　　　　　　　　**No. 6:13-CV-06339 (MAT)**
　　　　　　　　　Movant,
　　　-vs-　　　　　　　　　　　　　　**DECISION AND ORDER**

UNITED STATES OF AMERICA,

　　　　　　　　　Respondent.

---

## I. Introduction

On July 2, 2013, Keith Ruther ("Ruther"), a federal prisoner, moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 281. Ruther's initial § 2255 motion was filed *pro se* and contended that Ruther had received ineffective assistance of counsel.

On June 16, 2016, the Federal Public Defender filed a supplement to Ruther's § 2255 motion (Docket No. 379), based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Ruther was sentenced. The Federal Public Defender now moves to withdraw as counsel. Docket No. 74. For the reasons set forth below, the Federal Public Defender's motion to withdraw is granted and Ruther's § 2255 motion is denied.

## II. Discussion

### A. Motion to Withdraw

The Federal Public Defender was assigned to represent Ruther pursuant to this Court's September 22, 2015 Standing Order Regarding Petitions for Retroactive Application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In supplementing Ruther's pending § 2255 motion, the Federal Public Defender argued that *Johnson* voided for vagueness the residual clause language in the Sentencing Guidelines. The Supreme Court subsequently rejected this argument on March 6, 2017, in *Beckles v. United States*, No. 15-8544. Following the decision in *Beckles*, the Federal Public Defender filed the instant motion to withdraw. Ruther was given an opportunity to respond or object to the motion to withdraw, and did not do so. Accordingly, the Federal Public Defender's motion to withdraw is granted.

The Court further holds that, in light of *Beckles*, Ruther's argument based on *Johnson* is without merit. *See, e.g., United States v. Flores*, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [*Beckles*] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied."). Accordingly, Ruther's § 2255 motion is denied with respect to his *Johnson*-based claim.

**III. Ineffective Assistance of Counsel Claim**

In his original *pro se* § 2255 motion, Ruther argued that his counsel was constitutionally deficient. This issue was fully briefed (*see* Docket Nos. 281, 298, 304) and is ripe for decision.

On January 19, 2012, a grand jury returned a five-count, multi-defendant indictment charging Ruther with a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute, and to distribute, 280 grams or more of cocaine base and five kilograms or more of cocaine, and with a violation of 18 U.S.C. § 924(c)(1), possession of firearms in furtherance of a drug trafficking crime.
If convicted of these charges, Ruther faced a mandatory minimum of 25 years and the possibility of a life sentence. On December 12, 2012, pursuant to a written plea agreement with the Government, Ruther entered a guilty plea to a one-count superseding information charging a violation 21 U.S.C. § 846. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Ruther and the Government agreed to a sentence of 151 months of imprisonment. The Court engaged in an extensive plea colloquy with Ruther, during which it reviewed the terms of the plea agreement and confirmed that Ruther was informed of the charges against him, agreed to the facts supporting those charges, and fully understood the terms of the plea agreement and the consequences of pleading guilty. The Court also expressly asked Ruther whether he was "satisfied with [defense counsel's]

advice and representation, and by that I mean the job he has done for you?", to which Ruther replied "yes." Docket No. 198-1 at 21. The written plea agreement entered into by Ruther and the Government contained a waiver of Ruther's right to file a collateral attack of his sentence.

In opposition to Ruther's ineffective assistance of counsel claim, the Government first argues that the collateral attack waiver in the plea agreement procedurally bars Ruther's motion. The Court agrees. It is well-established that "[a] defendant's knowing and voluntary waiver of his right to appeal or otherwise challenge his sentence is generally enforceable." *Beltre v. United States*, 477 F. Supp. 2d 649, 651 (S.D.N.Y. 2007). However, the Second Circuit has explained that the procedural bar does not extend to ineffective assistance of counsel claims that "challeng[e] the attorney's advice about [a defendant's] bargaining position" with respect to a plea agreement, because such a claim relates to "the knowing and voluntary nature of the defendant's plea decision. . . ." *Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008). By contrast, a claim of ineffective assistance of counsel that "challeng[es] the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver. . . ." *Id*.

Here, Ruther has made the following arguments in support of his ineffective assistance of counsel claim: (1) counsel failed to

4

inform him that he had the right to a *Fatico* hearing; (2) counsel failed to raise an *ex post facto* argument at sentencing, resulting in improper application of the Sentencing Guidelines; (3) counsel failed to challenge the Court's calculation of the appropriate Guidelines range; and (4) counsel failed to object to the inclusion of a two-level increase in his base offense level for possession of a dangerous weapon. These arguments all relate to counsel's conduct with respect to sentencing, not to Ruther's decision to enter into the plea agreement, and are therefore barred by the collateral attack waiver. *See United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) ("emphatically reject[ing]" claim that waiver does not bar consideration where counsel was ineffective at sentencing); *see also United States v. Martinez*, 2014 WL 7146846, at *7 (S.D.N.Y. Dec. 12, 2014) (claim that counsel was ineffective for failing to pursue a *Fatico* hearing did not involve counsel's advice in connection with sentencing stipulation); *Abramo v. United States*, 2014 WL 1171735, at *15 (S.D.N.Y. Mar. 21, 2014) (counsel's alleged failure to raise *ex post facto* issues did not invalidate waiver).

Moreover, even assuming *arguendo* that Ruther had not waived his collateral attack rights, his claim fails on the merits. Under *Strickland v. Washington*, 466 U.S. 668 (1984), an individual claiming ineffective assistance of counsel must demonstrate both deficient performance and prejudice. The Second Circuit has

5

characterized the relevant standard as a "difficult two part test," requiring the defendant to show both that counsel's performance was deficient as measured by an objective standard of reasonableness under prevailing professional norms and that the deficient performance was prejudicial (*i.e.* that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different). *See DeLuca v. Lord*, 77 F.3d 578, 584 (2d Cir. 1996).

Here, none of the arguments made by Ruther meet the *Strickland* standard, because Ruther cannot show any prejudice. With respect to the failure to pursue a *Fatico* hearing, Ruther "does not demonstrate prejudice because he does not describe any specific evidence that he would have introduced at the hearing. His conclusory allegations that evidence at a *Fatico* hearing would have resulted in a different sentence calculation are insufficient." *Pena v. United States*, 2000 WL 1568322 at *3 (S.D.N.Y. Oct. 20, 2000). Notably, Ruther acknowledged under oath at the plea allocution that the amount of cocaine involved was at least 3.5 kilograms but less than 5 kilograms. Docket No. 298-1 at 45. It is well-established that "[a]ny allegations a defendant makes in a § 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth." *Hsu v. United States*, 954 F. Supp. 2d 215, 221 (S.D.N.Y. 2013).

Turning to Ruther's Guidelines-based arguments, both of these arguments must fail because the parties agreed that a 151-month sentence was the appropriate disposition of the case pursuant to Rule 11(c)(1)(C). Ruther has identified no evidence to support the claim that he would have been sentenced to anything other than 151 months had his counsel made the arguments identified in the instant motion, and therefore cannot establish prejudice. *See, e.g., Myers v. Carvajal*, 2015 WL 3687179, at *1 (W.D. La. June 11, 2015) (explaining that a Rule 11(c)(1)(C) plea agreement is "contractual and not based upon the guidelines" and that a defendant cannot readily demonstrate prejudice where a Rule 11(c)(1)(C) agreement drove sentencing).

Lastly, Ruther's argument that counsel should have objected to the two-level increase in his base offense level for possession of a dangerous weapon is foreclosed by his admission, under oath, that he in fact possessed a handgun during his participation in the relevant drug conspiracy. Again, Ruther cannot establish prejudice, and therefore cannot establish ineffective assistance of counsel.

**IV. Conclusion**

For the foregoing reasons, the Federal Public Defender's motion to withdraw as counsel (Docket No. 384) is granted. Ruther's motion to vacate his sentence, including the supplement thereto (Docket Nos. 281, 379), is denied. No certificate of

7

appealability shall issue because Ruther has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to close Case No. 6:13-CV-06339.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**
                                    HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    June 15, 2017
            Rochester, New York.