UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH RUTHER,

                                        **No. 6:12-CR-06009 (MAT)**
                                        **No. 6:17-CV-06447 (MAT)**
                            Movant,

        -vs-                            **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                            Respondent.

---

I.    **Introduction**

    On July 2, 2013, Keith Ruther ("Ruther"), a federal prisoner,
moved this Court to vacate and correct his sentence pursuant to
28 U.S.C. § 2255.  Docket No. 281.  Ruther's initial § 2255 motion
was filed *pro se* and contended that Ruther had received ineffective
assistance of counsel.  On June 16, 2016, the Federal Public
Defender filed a supplement to Ruther's § 2255 motion (Docket
No. 379), based on *Johnson v. United States*, __ U.S. __, 135 S. Ct.
2551 (2015), in which the Supreme Court struck down, as
unconstitutionally vague, the residual clause of the Armed Career
Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which
was identical to the residual clause of the Sentencing Guidelines,
under which Ruther was sentenced.  The Federal Public Defender
subsequently moved to withdraw as counsel for Ruther.  Docket No.
384.  On June 15, 2017, the Court entered a Decision and Order
granting the Federal Public Defender's motion to withdraw and
denying Ruther's § 2255 motion, including the supplement.  Docket

No. 388.  Ruther has now filed a second § 2255 motion, dated June 25, 2017, purportedly based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Docket No. 395. For the reasons set forth below, Ruther's second § 2255 motion is denied.

## II.  Discussion

### A.  Successive Motions under § 2255

As a threshold matter, the Court notes that Ruther's initial § 2255 motion was denied on the merits by this Court.  Thus, the instant motion is a second or successive motion, and under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, "this Court does not have jurisdiction to address a successive motion without authorization from the United States Court of Appeals for the Second Circuit, and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice."  *Hall v. United States*, 2015 WL 4111617, at *2 (S.D.N.Y. June 23, 2015).  However, "a district court need not transfer a successive motion that is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out."  *Id*. Here, for the reasons set forth below, the Court finds Ruther's successive motion wholly without merit and thus finds that

dismissal, and not transfer to the Second Circuit, is the appropriate resolution.

### B.   The Motion is Untimely

Pursuant to 28 U.S.C. 2255(f)(3), a § 2255 motion based on a new rule of constitutional law must be filed within one year of the Supreme Court decision recognizing the right asserted. Here, Ruther contends that his motion is based upon the Supreme Court's decision in *Mathis*, which was issued on June 23, 2016, in which case he was required to file his motion no later than June 23, 2017. However, Ruther's motion is dated June 25, 2017, and was not mailed until June 26, 2017. (*See* Docket Nos. 395 at 9, 395-1 at 1).[1]

"Pursuant to Rule 3 of Section 2255 and the 'prison mailbox' rule, the relevant filing date for a *pro se* prisoner bringing a Section 2255 petition is the date when he delivers the petition to prison officials for mailing." *Martinez v. United States*, 2010 WL 4840085, at *2 n.2 (S.D.N.Y. Nov. 12, 2010). In this case, it is clear that Ruther delivered his papers to prison officials for mailing no earlier than June 25, 2017, the date he used to date his motion. Accordingly, he failed to file the instant motion within one year of the decision in *Mathis*, rendering it untimely.

---

[1]    Ruther has included with his motion a letter dated June 23, 2017, which he asks the Clerk of the Court to file "to protect [him] from being time barred in filing relief in light of Mathis. . . ." (Docket No. 395 at 10). However, this letter was included with the papers mailed on June 26, 2017.

## C. *Mathis* does not Apply Retroactively

Even assuming Ruther's motion had been timely filed, it would be without merit because the Supreme Court's decision in *Mathis* does not apply retroactively. Accordingly, Ruther cannot seek relief based on *Mathis*.

"Whether or not a new rule of law announced by the Supreme Court is to be applied retroactively in criminal cases on habeas review . . . depends largely on whether the rule is substantive or procedural." *Santana–Madera v. United States*, 260 F.3d 133, 138 (2d Cir.2001). If the newly announced rule is procedural, it generally does not apply retroactively, while "new rules of substantive criminal law are presumptively retroactive." *Id.* "[N]ew rules are substantive when they alter 'the meaning of a criminal statute enacted by Congress' such that the defendant stands convicted for conduct that may no longer be illegal." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

Federal courts that have considered the issue have consistently determined that *Mathis* does not apply retroactively because "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. . . ." *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (collecting cases); *see also*

*Dawkins v. United States,* 829 F.3d 549, 550-51 (7th Cir. 2016) ("*Mathis* did not announce such a [new ]rule [of constitutional law]; it is a case of statutory interpretation."). "Because *Mathis* did not announce a new rule, [Ruther] cannot rely on it in a § 2255 petition filed . . . after the judgment in his criminal case became final." *Taylor*, 672 F. App'x at 864.

## III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Ruther's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 395) is denied. The Clerk of the Court is instructed to close related civil case number 6:17-cv-06447.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    July 11, 2017
          Rochester, New York