UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

DECISION AND ORDER
12-CR-6009 CJS

KEITH RUTHER a/k/a Kiki,

              Defendant.

_____

       This matter is now before the Court on several motions by Defendant Keith Ruther seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Mot., Aug. 19, 2019, ECF No. 459; Am. Mot., Sept. 10, 2019, ECF No. 461; Mot. June 22, 2020, ECF No. 475. For the reasons stated below, Ruther's motions for relief from judgment [ECF No. 459, 461, 475] are denied.

## BACKGROUND

       In its recent decision denying Ruther's motion for compassionate release, the Court summarized the background of Ruther's case:

> On January 19, 2012, Ruther was indicted on one count of conspiracy to possess with intent to distribute and to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, and five kilograms or more of cocaine, all in violation of 21 U.S.C. § 846, as well as one count of possession of firearms in furtherance of a narcotics conspiracy in violation of 18 U.S.C. § 924(c). On December 12, 2012, Ruther was convicted by plea of one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. Plea Agreement, Dec. 12, 2012, ECF No. 203. As part of his plea agreement, Ruther admitted the following:
>
>> The defendant understands, agrees and does not dispute that at least 3.5 kilograms but less than 5 kilograms is the amount of cocaine involved in the defendant's relevant conduct encompassed

1

> in Count 1 of the Indictment [upon which Ruther was convicted], which could be readily proven by the government against the defendant.
>
> Plea Agreement at ¶ 5(d). In exchange, the government agreed not to file an information for sentence enhancement pursuant to 21 U.S.C. § 851, and, to recommend pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure that the Court impose a 151 month term of imprisonment.[1] Plea Agreement at ¶ 2, 14. Further, the Plea Agreement expressly indicated that Ruther waived the right to appeal and collaterally attack any component of a sentence imposed by the Court which was equal to or less than the agreed upon 151 month sentence, and that Ruther understood he was waiving the right to challenge his sentence "in the event that in the future [he] becomes aware of . . . a change in the law which [he] believes would justify a decrease in [his] sentence." Plea Agreement at ¶ 20–21.
>
> On March 20, 2013, Ruther was sentenced to an aggregate term of 151 months imprisonment and three years of supervised release. J., Mar. 21, 2013, ECF No. 252.

Decision and Order, 1–2, Nov. 6, 2020, ECF No. 494.

On July 2, 2013, Ruther filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing the ineffective assistance of counsel. Mot. to Vacate, Jul. 2, 2013, ECF No. 281. Before the Court reached a decision on his first motion, Ruther – through the Federal Public Defender – filed a supplemental motion on June 16, 2016 arguing that *Johnson v. United States*, 135 S.Ct. 2551 (2015) required that Ruther's sentence be vacated as based on Sentencing Guidelines that were unconstitutionally vague. Suppl. Mot. to Vacate, June 16, 2016, ECF No. 379. The original motion and the supplemental motion were denied on the merits on June 15, 2017. Dec. and Order, June 15, 2017, ECF

---

[1] The Sentencing Guidelines calculations in the plea agreement indicate that 151 months was the low end of the sentencing range, with 188 months being the high end of the range. Plea Agreement at ¶ 13. This was based on "the understanding of the parties that the defendant is a Career Offender [and] the defendant's criminal history category is VI." Plea Agreement at ¶ 12.

2

No. 388.

Ruther then filed another motion to vacate on June 30, 2017, this time arguing that "he must be resentenced because under *Mathis v. United States*, 136 S.Ct. 2243 (2016), he was improperly categorized as a Career Offender because his conviction of Attempted Criminal Sale is not a controlled substance offense under the Career Offender Guideline, USSG § 4B1.2(b)." Mot. to Vacate, 2, June 30, 2017, ECF No. 395. The Court also denied this motion to vacate, identifying several grounds for denial: the Court was without jurisdiction because Ruther's motion was a "second or successive motion" filed without authorization from the Second Circuit, Ruther's motion was untimely, and it is well-settled that *Mathis* does not apply retroactively. Dec. and Order, 2–5, Jul. 11, 2017, ECF No. 396.

On August 19, 2019, Ruther filed his first motion seeking relief from judgment under Rule 60(b)(6), arguing that his sentence violated his Fifth Amendment rights because he was improperly categorized as a career offender under the Sentencing Guidelines. Mot., 3, Aug. 19, 2019, ECF No. 459. In September 2019, Ruther supplemented his motion for relief from judgment to also include the grounds of ineffective assistance of trial counsel for counsel's failure to recognize that Ruther was improperly categorized as a career offender. Am. Mot., 3, Sept. 10, 2019, ECF No. 461. In June 2020, Ruther filed an additional motion for relief from judgment incorporating his two prior motions and the arguments therein. Mot., June 22, 2020, ECF No. 475.

ANALYSIS

Ruther has moved this Court for relief from judgment under Rule 60(b). There are a number of judgments in this docket from which Ruther could be seeking relief, including his 2013 conviction, the denial of his subsequent habeas petitions, or the denial of his motion for retroactive application of sentencing guidelines to crack cocaine offenses. Order, Dec. 4, 2017, ECF No. 406. Unfortunately, none of the pending motions specify precisely which of these judgments Ruther is seeking relief from.

Ruther is *pro se* and as such the Court is required to read his submissions liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006). In doing so, the Court finds that Ruther can only be seeking relief from the denial of his petitions for habeas corpus. *United States v. Smith*, 498 F. Supp.2d 517, 519 (N.D.N.Y. 2007). He cannot be seeking relief pursuant to Rule 60(b) from his 2013 conviction because that was a criminal conviction which is governed by the Federal Rules of Criminal Procedure. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure only govern suits that are civil in nature).

The Second Circuit has ruled that, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Accordingly, for this Court to grant Ruther's present motion, he must allege that his prior habeas proceedings were deficient. That is not what Ruther is alleging in the motions presently before the Court.

As indicated above, Ruther's pending Rule 60(b) motions make no claims of deficiencies in the habeas proceedings, but rather allege deficiencies in his original criminal proceedings. Specifically, Ruther's motions allege that, by adopting the sentencing guideline ranges outlined in his plea agreement and presentence investigation report, this Court improperly found that Ruther's prior conviction under New York state law for an attempted sale of a controlled substance in the third degree qualified as a predicate offense for the career offender Sentencing Guideline. Mot., ECF No. 475 at 2. Consequently, the Court finds that Ruther's present claims are an attack of his underlying criminal conviction, and as such that Rule 60(b) relief is not available to him. *Smith*, 498 F. Supp.2d at 519.

Ruther's present motions are better styled as petitions for habeas corpus under 28 U.S.C. § 2255. "If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." *Harris v. United States*, 1:96-CV-1913, 2006 WL 3437425, at *1 (N.D.N.Y. November 29, 2006). AEDPA requires that a movant, seeking a successive petition for habeas corpus, apply for permission from the court of appeals. *Id*. "Where a second-or-successive § 2255 application is improperly designated as a motion under [Rule 60(b)] a district court should deny the application as being beyond the scope of" the rule. *United States v. Snow*, No. 02-CR-6109 CJS, 2017 WL 6373815, at *3 (W.D.N.Y. Dec. 13, 2017) (internal quotation marks and citation omitted).

Therefore, Ruther's motions are denied as being beyond the scope of Rule 60(b) because they relate to the integrity of his criminal proceedings, and not to the integrity of his prior federal habeas proceedings. The Court is aware that it could transfer the application to the Second Circuit Court of Appeals for possible certification, but declines to do so. *See, e.g., United States v. Zebrowski,* No. 3:99-CR-00112JCH, 2009 WL 641246, at *2 (D. Conn. Feb. 3, 2009). If Ruther wishes to pursue this claim, he must apply to the Second Circuit for leave to file a second or successive § 2255 petition. *Snow,* 2017 WL 6373815 at *3.

## CONCLUSION

Ruther's motions for relief from judgment [ECF No. 459, 461, 475] are denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Ruther has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:   November 16, 2020
         Rochester, New York

*[signature: Charles J. Siragusa]*
CHARLES J. SIRAGUSA
United States District Judge